On petitioner's reconsideration filed October 5,
reconsideration allowed; former opinion filed August 24
(53 Or App 627, 633 P2d 17) withdrawn; affirmed November 9, 1981,
petitioner's reconsideration allowed; former opinion modified and
adhered to (55 Or App 638, 639 P2d 137) January 25,
petition for review denied April 27, 1982 (293 Or 103)

In the Matter of the Compensation of
Shirley B. Johnson, Claimant.

JOHNSON,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(No. 79-7925, CA A20259)

635 P2d 1053

Before Gillette, Presiding Judge, and Roberts and
Young, Judges.

ROBERTS, J.

## ROBERTS, J.

The author Gertrude Stein is said, on her deathbed, to have beseeched her life-long companion, Alice Toklas: "What is the answer?" When there was no reply, Stein fell silent, then spoke her final recorded words: "In that case, what is the question?"[1] We confess to having created a similar dilemma in this case. Claimant, in her petition for reconsideration, takes us to task for our former opinion in which we held that claimant's occupational disease claim was not timely filed. Claimant points out that she prevailed on the timeliness issue before the Workers' Compensation Board (Board), that SAIF did not challenge the Board's ruling on timeliness, and that therefore the only issue presented to this court was whether claimant met her burden to prove that she sustained a compensable occupational disease as a result of her work activity in Oregon. Claimant is correct. That is the question, and we withdraw our former opinion.

The Board found, based on *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979), that claimant had not shown by a preponderance of the evidence that her work as a nurse's aide at Douglas Community Hospital had caused a worsening of her underlying pseudoarthrosis. On *de novo* review of the record, we conclude the Board was correct.

*Weller* sets forth the elements a claimant must show in order to prevail on an occupational disease claim where the disease itself does not arise out of the employment. *See Beaudry v. Winchester Plywood Co.,* 255 Or 503, 469 P2d 25 (1970). *Weller* established that a claimant in such a situation must prove, by a preponderance of the evidence, that (1) her work activity and conditions (2) caused a worsening of her underlying disease (3) resulting in an increase in pain (4) to the extent that it produced disability or required medical services. *Weller* makes it clear that disability resulting from pain caused by work activity, where there is no actual change in the disease itself, is *not* compensable. Subsequent cases have interpreted *Weller* to require claimant to show a worsening of the disease itself, not merely an increase in symptoms. *See*

---

[1] Mellow, *Charmed Circle: Gertrude Stein & Company* 468 (Prager 1974).

*Autwell v. Tri-Met,* 48 Or App 99, 615 P2d 1201, *rev den* 290 Or 211 (1980).

The two doctors who testified by deposition as to claimant's condition stated clearly and repeatedly, in response to precise questioning by claimant's attorney, that, although claimant's symptoms were increased, they could not say with any medical certainty that her work caused any acceleration or worsening of the underlying condition. The Board's denial was therefore correct.

Petition for reconsideration granted; former opinion withdrawn; affirmed.