1998 ND 64

**Nancy LOBERG, Claimant
and Appellant,**

v.

**NORTH DAKOTA WORKERS COMPEN-
SATION BUREAU and Fargo Assembly
Company, Respondents and Appellees.**

**Civil No. 970287.**

Supreme Court of North Dakota.

March 26, 1998.

Steven C. Schneider, of Schneider, Schneider & Schneider, Fargo, for claimant and appellant.

Harry Malcolm Pippin, Special Assistant Attorney General, Williston, for respondent and appellee North Dakota Workers Compensation Bureau.

Pamela J. Hermes, of Vogel, Kelly, Knutson, Weir, Bye & Hunke, Fargo, for respondent and appellee Fargo Assembly Company.

Sandstrom, Justice.

[¶ 1] Nancy Loberg has appealed a judgment affirming a Workers Compensation Bureau order dismissing her claim for benefits. Because we cannot determine if the administrative law judge (ALJ) applied the correct legal standard, we reverse and remand.

## I

[¶ 2] Loberg injured her back while working for K–Mart in 1990. The Bureau accepted liability and paid benefits. Loberg made wire harnesses while working at Fargo Assembly Company from September 1993 through April 20, 1994. Loberg filed a claim for benefits on April 25, 1994, alleging injuries to her hands and wrists from repetitive manipulation at Fargo Assembly.

[¶ 3] The Bureau dismissed Loberg's claim, and Loberg petitioned for reconsideration. A formal hearing was held before an ALJ, who recommended the Bureau's dismissal be affirmed and reinstated. The Bureau adopted the ALJ's recommended order as its final order, and the district court affirmed the Bureau's decision.

[¶ 4] The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. §§ 27–05–06, 28–32–15, and 65–10–01. Loberg's appeal to this Court was timely under N.D.R.App.P. 4(a) and N.D.C.C. § 28–32–21. This Court has jurisdiction under N.D. Const. Art VI, §§ 2 and 6, and N.D.C.C. §§ 28–27–01 and 28–32–21.

## II

■ [¶ 5] On appeal, we review the Bureau's decision, not the district court's decision. *Hopfauf v. North Dakota Workers Comp. Bureau,* 1998 ND 40, ¶ 8. Under N.D.C.C. §§ 28–32–19 and 28–32–21, we affirm an administrative agency's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not supported by its findings of fact, its decision is not supported by its conclusions of law, its decision is not in accordance with the law or violates the appellant's constitutional rights, or the agency's rules or procedures deprived the appellant of a fair hearing. *Flink v. North Dakota Workers Comp. Bureau,* 1998 ND 11, ¶ 8, 574 N.W.2d 784. "Our review of an administrative agency's findings of fact is limited to determining if a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence from the entire record." *Feist v. North Dakota Workers Comp. Bureau,* 1997 ND 177, ¶ 8, 569 N.W.2d 1.

## III

[¶ 6] Loberg contends the ALJ erred in defining an injury in his conclusions of law as "a change in any part of the system that produces pain or a lessened facility of the natural use of any body activity or capability." We need not determine if the ALJ erred in defining an injury, because Loberg's counsel conceded Loberg cannot show any prejudice resulted from use of the definition.

## IV

■ [¶ 7] In his conclusions of law, the ALJ said: "There is no objective medical evidence of an accurate measurable pain level or of an accurate measurable loss of function of the hands or upper extremities." Loberg contends the Bureau "has included conditions that are not part of the statute."

[¶ 8] When the ALJ conducted the March 20, 1996, hearing in this case, N.D.C.C. § 65–01–02(9) provided, in part: " 'Compensable injury' means an injury by accident arising out of and in the course of employment which must be established by medical evidence supported by objective medical findings." At the time of Loberg's injury, if any, while employed by Fargo Assembly in 1994, N.D.C.C. § 65–01–02(9) provided, in part: " 'Compensable injury' means an injury by accident arising out of and in the course of employment." The requirement of establishing a compensable injury "by medical evidence supported by objective medical findings" was added in 1995. 1995 N.D. Laws, Ch. 607, § 1.

[¶ 9] " 'Unless otherwise provided, the statutes in effect on the date of an injury govern workers' compensation benefits.' " *Jensen v. North Dakota Workers Comp. Bureau,* 1997 ND 107, ¶ 11, 563 N.W.2d 112 (quoting *Thompson v. North Dakota Workers' Comp. Bureau,* 490 N.W.2d 248, 251 (N.D.1992)). In a case in which the Bureau required objective findings of impairment, this Court said the Bureau may not add conditions to compensability not present in the statute:

"The Bureau concedes that pain may cause permanent partial impairment. The statutory definition of permanent impair-

ment is not limited to one shown only by objective findings. The Bureau's requirement of objective findings adds a condition to compensability not present in the statute. As this court said in *Buechler, supra,* 222 N.W.2d at 862:

> " 'Where the provisions of a statute are clear and would allow compensation, it is improper for the Workmen's Compensation Bureau to inject its own views on the policies underlying the Workmen's Compensation Act by imposing additional restrictions on the statutory language contained therein. In the instant case, the court will not read into a statute an exclusion where one does not expressly exist. Any change in legislation is not within the province of the court, but is subject to the action of the legislative assembly.' "

*Kroeplin v. North Dakota Workmen's Comp. Bureau,* 415 N.W.2d 807, 810 (N.D.1987).

[¶ 10] Counsel for Loberg's employer has suggested the ALJ's conclusion about the lack of objective medical evidence was actually a finding of fact, rather than a conclusion of law.[1] However, the ALJ's conclusion may reflect the erroneous view objective medical evidence was necessary for an award of workers compensation benefits. If that is the case, then the ALJ improperly added a condition to compensability not present in the statute at the time of Loberg's injury. As in *Hopfauf v. North Dakota Workers Comp. Bureau,* 1998 ND 40, ¶ 1, "[b]ecause we cannot determine whether the correct legal standard was applied by the administrative law judge (ALJ), we reverse and remand."

## V

[¶ 11] Loberg contends the ALJ's decision failed to adequately explain the rejection of medical evidence favorable to her.

This Court has often said the Bureau must adequately explain its disregard of medical evidence favorable to a claimant. *See, e.g., Flink v. North Dakota Workers Comp. Bureau,* 1998 ND 11, ¶ 12, 574 N.W.2d 784. Here, there was medical evidence favorable to Loberg. In a January 2, 1996, letter to Loberg's attorney, Ryan B. Harrington, M.D., said:

> "It is my opinion with reasonable medical certainty that her tendonitis does definitely relate to the repetitive work activities while employed at the Fargo Assembly."

In an April 18, 1994, orthopedic history, David E. Humphrey, M.D., said:

> "MY IMPRESSION is that this lady has complaints of pain coincident with her repetitive use at work consistent with an overuse syndrome."

The ALJ did not address that evidence in his recommended findings of fact, conclusions of law, and order. The ALJ's decision to affirm the Bureau's earlier dismissal of Loberg's claim "ignores and fails to explain medical evidence to the contrary." *Flink v. North Dakota Workers Comp. Bureau,* 1998 ND 11, ¶ 11, 574 N.W.2d 784.

[¶ 12] We need not address other issues Loberg has raised, because determination of those issues is "not necessary for disposing of this case" and the issues are "not certain to arise upon remand." *First Trust Co. v. Scheels Hardware & Sports Shop, Inc.,* 429 N.W.2d 5, 14 (N.D.1988).

[¶ 13] The judgment is reversed, and the matter is remanded for further proceedings.

[¶ 14] VANDE WALLE, C.J., and MESCHKE, NEUMANN and MARING, JJ., concur.

---

1. In closing argument in the hearing conducted by the ALJ, counsel for Loberg's employer referred to a lack of objective evidence several times: (1) "there were no objective signs that were consistent with her subjective complaints;" (2) "we have a lack of any objective medical evidence at that time;" (3) "April 18 Ms. Loberg went to Dr. Humphrey who found no objective signs, you know, said that she's having complaints of pain;" (4) "if you do have a work-related injury it ought to be accompanied by objective medical evidence;" and (5) "because of the lack of objective medical findings, because of the lack of a timely report of the injury, because of the lack of complaints to her friends I would submit in this case that the evidence does not show a work-related injury and that the claim ought to be denied."