1998 ND 158

Loreine GECK, Claimant and Appellant,

v.

NORTH DAKOTA WORKERS
COMPENSATION BUREAU,
Appellee.

and

Morton County Social Services,
Respondent.

Civil No. 980036.

Supreme Court of North Dakota.

Aug. 19, 1998.

Dean J. Haas (argued), of Dietz, Little & Haas, Bismarck, for claimant and appellant.

Tracy Vigness Kolb (argued), Special Assistant Attorney General, of Zuger Kirmis & Smith, Bismarck, for appellee.

MARING, Justice.

[¶ 1] Loreine Geck appeals from a district court judgment affirming the decision of the Workers Compensation Bureau denying her benefits. We reverse and remand to the Bureau for further findings consistent with this opinion.

### I

[¶ 2] On July 23, 1996, Loreine Geck experienced a "sharp pain" or "harsh pain" in her left knee as she was "kneeling down and doing foot care for a client" while employed by Morton County Social Services as an in-home care specialist. As a result, she went down to the floor in pain. On July 25, 1996, Geck consulted Dr. Lange for continuing pain in her left knee which had been bothering her for two days. Dr. Lange diagnosed her with patellar femoral arthritis. Dr. Lange treated Geck on two more occasions. Geck missed no work following the incident. On August 2, 1996, Geck filed a claim for benefits.

[¶ 3] The Bureau dismissed Geck's claim by an October 9, 1996, order determining Geck had not sustained an injury by accident arising out of and in the course of employment. Geck requested an administrative hearing. Before the hearing regarding her first claim, Geck filed a second claim for benefits for a work injury, which occurred on February 3, 1997, after she fell on ice while leaving a client's home and injured her knee and left hand. Dr. Folkers treated Geck for a contusion and possible bursitis. Also, a February 26, 1997, x-ray revealed mild degenerative changes in her knee consistent with a mild arthritic process. The Bureau accepted Geck's February 1997 claim.

[¶ 4] On April 30, 1997, a hearing on Geck's July 1996 claim was held. The administrative law judge (ALJ) affirmed the Bureau's dismissal concluding there was no medical evidence indicating Geck's work caused, or substantially contributed to, the arthritis in her left knee or the pain from the arthritis for which she received medical treatment following the July incident. The Bureau adopted the ALJ's recommended findings of fact and conclusions of law in a May 30, 1997, order. Geck appealed the decision to the district court, and the district court affirmed the Bureau's order. Geck appeals to this Court.

### II

[¶ 5] On appeal, we review the Bureau's decision, and although we do not review the district court's decision, we consider the district court's analysis and reasoning in our deliberations. *Shiek v. North Dakota Workers Comp. Bureau,* 1998 ND 139, ¶ 9, 582 N.W.2d 639. We affirm the Bureau's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not supported by its findings of fact, its decision is not supported by its conclusions of law, its decision is not in accordance with the law or violates the appellant's constitutional rights, or the agency's rules or procedures deprived the appellant of a fair hearing. *Loberg v. North Dakota Workers Comp. Bureau,* 1998 ND 64, ¶ 5, 575 N.W.2d 221. Our review of the Bureau's findings of fact is limited to determining if a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence from the entire record. *See id.* (quoting *Feist v. North Dakota Workers Comp. Bureau,* 1997 ND 177, ¶ 8, 569 N.W.2d 1). " 'To participate in the workers compensation fund, a claimant must prove a compensable injury by a preponderance of the evidence.' " *Lang v. North Dakota Workers Comp. Bureau,* 1997 ND 133, ¶ 7, 566 N.W.2d 801 (quoting *Symington v. North Dakota Workers Comp. Bureau,* 545 N.W.2d 806, 808 (N.D.1996)); *see* N.D.C.C. § 65–01–11. "In reconciling the claimant's burden of proof with our standard of review, we require the Bureau to clarify

the inconsistencies and adequately explain its reasons for disregarding medical evidence favorable to the worker." *Lang,* 1997 ND 133, ¶ 7, 566 N.W.2d 801.

### III

■ [¶ 6] The dispositive issue on appeal is whether Geck sustained a "compensable injury" under N.D.C.C. § 65–01–02(9)(b)(6). Unless otherwise provided, the statutes in effect on the date of an injury govern workers' compensation benefits. *Loberg,* 1998 ND 64, ¶ 9, 575 N.W.2d 221 (quotations omitted). Section 65–01–02(9)(b)(6)(1995), N.D.C.C.[1], as was in effect at the time of Geck's July 1996 symptoms of a sharp pain in her left knee, provides in pertinent part:

b. The term ["compensable injury"] does not include:

\*   \*   \*   \*   \*   \*

(6) Injuries attributable to a preexisting injury, disease, or condition which clearly manifested itself prior to the compensable injury. This does not prevent compensation where employment substantially aggravates and acts upon an underlying condition, substantially worsening its severity, or where employment substantially accelerates the progression of an underlying condition. It is insufficient, however, to afford compensation under this title solely because the employment acted as a trigger *to produce symptoms in a latent and underlying condition* if the underlying condition would likely have progressed similarly in the absence of the employment trigger, *unless the employment trigger is determined to be a substantial aggravating or accelerating factor.* An underlying condition is a preexisting injury, disease, or infirmity. (Emphasis added.)

\*   \*   \*   \*   \*   \*

1. In 1997, the Legislature amended and reenacted this subsection, which is now codified at N.D.C.C. § 65–01–02(11)(b)(7) and states the term "compensable injury" does not include: "Injuries attributable to a preexisting injury, disease, or other condition, including when the employment acts as a trigger to produce symptoms in the preexisting injury, disease, or other condition unless the employment substantially accelerates its progression or substantially worsens its severity." *See* 1997 N.D. Sess. Laws ch. 527, § 1.

■ [¶ 7] We have previously examined the language of this subsection in *Pleinis v. North Dakota Workers Comp. Bureau,* 472 N.W.2d 459, 462 (N.D.1991) (interpreting the same language then codified at N.D.C.C. § 65–01–02(8)(b)(6)). Specifically, we stated the third sentence of this subsection "describes the consequences when employment acts as a trigger to produce symptoms in a 'latent and underlying condition.'" 472 N.W.2d at 463. Where employment triggers symptoms in a latent and underlying condition, compensation is generally not allowed if the underlying condition would likely have progressed similarly in the absence of the employment trigger, *unless the employment trigger is a substantial aggravating or accelerating factor. Id.* (emphasis added). In *Pleinis,* we generally concluded:

> The statutory language unambiguously describes when compensation is allowed for injuries attributable to both a latent underlying condition and an underlying condition which clearly manifested itself prior to the compensable injury. In both situations injuries attributable to the preexisting condition are compensable if employment substantially aggravates or accelerates the condition.

*Id.* Therefore, to have a "compensable injury" under N.D.C.C. § 65–01–02(9)(b)(6)(1995), a claimant must show that the employment substantially aggravated or accelerated the latent and underlying condition to produce the result for which compensation is sought.

[¶ 8] In *Pleinis,* however, we affirmed the Bureau's determination that the claimant's disability was non-compensable because the Bureau's findings were adequate to show Pleinis' employment was not a substantial aggravating or accelerating factor in his underlying osteoarthritic condition and Pleinis' underlying condition would likely have progressed similarly in the absence of his employment. 472 N.W.2d at 463. The medical

evidence in this case, unlike *Pleinis,* is not so clear.

[¶ 9] In this case, there is no question Geck's arthritis in her left knee was a latent and underlying condition as contemplated by N.D.C.C. § 65–01–02(9)(b)(6). The underlying arthritic condition in her left knee was, however, asymptomatic until the sharp pain was triggered on July 23, 1996, while kneeling at work. The ALJ's findings of fact state that Geck's "medical records confirm . . . she has had no previous experiences of pain in her left knee." The ALJ also stated, "This is a clear case of an underlying condition, a preexisting injury or infirmity that had not yet manifested itself." Thus, for Geck to have a "compensable injury," she must prove that the employment trigger, here performing duties of an in-home care specialist, substantially aggravated or accelerated the arthritis in her left knee.

■ [¶ 10] The pain in Geck's left knee was caused by her work activity. There is no record evidence to the contrary. The kneeling at work resulted in her latent underlying condition of arthritis becoming symptomatic and painful. Pain can be an aggravation of an underlying condition of arthritis.[2] The query under our statute is whether this aggravation of her underlying arthritic condition is a "substantial" aggravating factor.

[¶ 11] In his conclusions of law, the ALJ stated, "There is *no evidence* that Geck's employment was a substantial aggravating factor in an injury." (Emphasis added.) The ALJ further stated, "Geck's employment appears to be merely a trigger," and "[b]ased on the evidence presented[,] Geck fails to prove that her employment is anything but a trigger that started the pain." The ALJ found no medical proof that Geck's work substantially aggravated or accelerated her arthritis and concluded that the exhibits containing Dr. Lange and Dr. Folkers' statements could have no other legal meaning than that work was a mere trigger.

**2.** *See Cox v. Schreiber Corp.,* 188 Mich.App. 252, 469 N.W.2d 30, 33 (1991), referencing Judge Sheperd's concurrence in *Thomas v. Chrysler Corp.,* 164 Mich.App. 549, 418 N.W.2d 96, 99 (1987), wherein it is noted that awarding benefits

[¶ 12] In a February 4, 1997, letter from Dr. Lange, he states he did not believe Geck's work over the years had significantly contributed to the patella femoral arthritis; however, he did believe "there was a brief *exacerbation that was work related.*" (Emphasis added.) In an April 10, 1997, letter, Dr. Lange reiterates the sharp pain Geck experienced was related to an exacerbation caused by work. Although Dr. Lange did not believe Geck's "long-term arthritic changes" would be work related, he states the injury she received was a temporary setback which was work related. Moreover, medical evidence favorable to Geck also exists in a March 20, 1997, letter from Dr. Folkers. In this letter, Dr. Folkers clearly states, "[Geck] has some underlying arthritis of her left knee and *her knee pain has likely been secondary to a work related aggravation of her underlying arthritic condition.*" (Emphasis added.)

[¶ 13] In the findings of fact, the ALJ makes no attempt to reconcile this favorable medical testimony nor does he expressly set forth his reasons for disregarding the favorable medical evidence. The ALJ simply concludes there is neither evidence nor medical proof to support a finding that Geck's employment was anything but a "mere trigger."

> This court has stated, '[w]e believe our case law clearly indicates that in cases . . . where expert medical testimony is desirable if not essential to a determination of causation, the Bureau may not simply ignore competent medical testimony without expressly setting forth in its findings of fact adequate reasons, which are supported by the record, for doing so.'

*Lang,* 1997 ND 133, ¶ 18, 566 N.W.2d 801; *see also Loberg,* 1998 ND 64, ¶ 11, 575 N.W.2d 221 (stating the Bureau must adequately explain its disregard of medical evidence favorable to a claimant).

■ [¶ 14] In light of the medical evidence in the record, we conclude this case must be remanded to the Bureau to make appropriate

"on the basis of whether pain is a symptomatic manifestation of a preexisting condition rather than an aggravation of a preexisting condition is a distinction without a difference."

findings on whether Geck's employment trigger substantially aggravated the arthritis in her left knee.

## IV

[¶ 15] We reverse the judgment and remand to the Bureau for further findings consistent with this opinion.

[¶ 16] VANDE WALLE, C.J., and NEUMANN and MESCHKE, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 17] The majority, at ¶ 9, correctly concludes, in "this case, there is no question Geck's arthritis in her left knee was a latent and underlying condition as contemplated by N.D.C.C. § 65–01–02(9)(b)(6)." "Thus," the majority states, "for Geck to have a 'compensable injury,' she must prove that the employment trigger, here performing duties of an in-home care specialist, substantially aggravated or accelerated the arthritis in her left knee." The ALJ specifically found it had not, and noted there was *no* evidence it had. Yet, the majority grasps at a doctor's references to "a brief exacerbation" and a "temporary set-back" to return the case to the Bureau to "explain its disregard" of this "evidence." Because, on its face, "a brief exacerbation" and a "temporary set-back" do not equate with a substantial aggravation or accelerating factor, I would affirm.

[¶ 18] The majority asserts at ¶ 10, "Pain can be an aggravation of an underlying condition of arthritis." The only authority offered is a Michigan Court of Appeals opinion citing a concurrence in another Michigan Court of Appeals opinion. While it may be true that a Michigan Court of Appeals case can be found to support just about any proposition, the statement, as an assertion of law, appears to be contrary to the overwhelming body of law, and, as a matter of fact, appears to be wholly unsupported by any evidence in the record.

[¶ 19] Whether the employment aggravated or accelerated the underlying condition is a question of fact, not law. *Larson's Workers' Compensation Law*, § 12.25, p. 3–569 (1998). Numerous cases deal with the issue of aggravation of a pre-existing injury. The

case law universally states the employer "takes the employee as he finds him." That is, if the employee comes to the work place with an existing disease, injury, or underlying condition and an on-the-job injury worsens the prior condition, the employer will be liable for the injury. However, where there is only pain resulting from an injury, and the condition is not made substantially worse, compensation is generally denied.

[¶ 20] In *Matter of Compensation of Hall v. Home Insurance Co.,* a doctor concluded that the claimant's work injury did not cause any new anatomical injuries that could be observed. 59 Or.App. 526, 651 P.2d 186, 187 (1982). The work did, however, " 'irritate' and 'aggravate' " her pre-existing condition. *Id.* The court stated the report taken as a whole "may be construed to mean that the lifting and twisting claimant performed at work ... increased her pain but did not worsen her underlying condition." *Id.* The court further stated that "[a]n increase in symptomatology without a concomitant worsening of the underlying disease is not compensable." *Id.* (citations omitted).

[¶ 21] In an industrial accident case, the Utah Appellate court found that "pain" did not rise to the level of an aggravation in order to award claimant total disability benefits. *Zimmerman v. Industrial Comm'n of Utah,* 785 P.2d 1127, 1131 (Utah Ct.App. 1989). Zimmerman argued he should have been granted disability benefits because the industrial injury (he hurt his back while lifting a heavy pallet) aggravated his previous asymptomatic conditions. *Id.* at 1130. In Zimmerman's case, the pre-existing condition was identified as Reiter's syndrome, a disease of unknown cause, which has characteristics of arthritis, conjunctivitis, and urethritis. *Id.* at 1129 n. 1. The court disagreed with Zimmerman that he was entitled to compensation. *Id.* at 1131. The court found "the aggravation the medical panel referred to was that due solely to the temporary pain experienced by Zimmerman following the accident and not aggravation of or by the pre-existing conditions of spinal stenosis and Reiter's syndrome." *Id.* The industrial injury, by itself or in conjunction with the existing conditions, did not result in permanent

impairment. Thus, the pain was not enough to rise to the level of an aggravation of the existing conditions.

[¶ 22] Most cases relating to the topic mention pain and aggravation as mutually exclusive terms, used in conjunction with one another. *See, e.g., McCreary v. Libbey–Owens–Ford Co.*, 132 F.3d 1159, 1162 (7th Cir. 1997) (discussing pain *and* aggravation) (emphasis added). Most references are to pain as a result of the aggravation of an injury, and not to pain as an aggravation. For example, a number of cases hold work done by a claimant aggravated the "pre-existing condition by making the pain worse but it did not otherwise injure or advance the severity of [the disease] or result in any other disabling condition." *Smith v. Smith's Transfer Corp.*, 735 S.W.2d 221, 225–26 (Tenn.1987). North Dakota's requirements are similar, because for an aggravation of an underlying condition to be compensable, it must "substantially aggravate[ ] and act[ ] upon an underlying condition, substantially worsening its severity, or where employment substantially accelerates the progression of [the] condition." N.D.C.C. § 65–01–02(9)(b)(6) (1995) (prior to 1997 changes). Thus, pain alone is not enough.

[¶ 23] In a case similar to *Geck*, the claimant insisted his arthritic condition was aggravated by his employment and because of the aggravation, he was entitled to compensation. *Cunningham v. Goodyear Tire and Rubber Co.*, 811 S.W.2d 888, 890 (Tenn.1991). The court points out the list of cases cited by the plaintiff are misplaced. *See id.* (stating "[u]nfortunately, the majority of the cases cited, with few exceptions, state in one fashion or another, that when an employee with a disabling injury or disease not related to employment suffers an aggravation to the disabling injury or disease by making the pain worse, the situation does not constitute an accident as the word is used in the compensation statutes"). *See also Townsend v. State*, 826 S.W.2d 434 (Tenn.1992) (stating if work aggravates a pre-existing condition merely by increasing pain, there is no injury by accident). The court also states "[w]here the employment does not cause an actual progression or aggravation of the underlying disease, but simply produces additional pain, there is substantial authority that a claim is not compensable when the disease itself was not an occupational disease but originated in conditions outside employment." *Cunningham*, 811 S.W.2d at 890. Finally, the court states while "Cunningham's work for Goodyear aggravated his preexisting condition by making the pain worse ... it did not otherwise injure or advance the severity of his osteoarthritis." *Id.* at 891.

[¶ 24] Whether pain is an aggravation of an underlying condition is a question of fact, and a doubtful proposition at best.

[¶ 25] I would affirm.

[¶ 26] Dale V. Sandstrom