1997 ND 107

**Harlen G. JENSEN, Appellant,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee.**

**Civil No. 960351.**

Supreme Court of North Dakota.

June 3, 1997.

Mark G. Schneider, Schneider, Schneider & Schneider, Fargo, for appellant.

Douglas W. Gigler, Special Assistant Attorney General, Fargo, for appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Harlen G. Jensen appealed a judgment affirming a Workers Compensation Bureau decision ordering that under § 65–05–08(1), N.D.C.C. (1989), he "became eligible for the reinstatement of disability benefits effective April 17, 1991." We hold the Bureau erred in applying § 65–05–08(1), N.D.C.C. (1989), to Jensen's request for resumption of disability benefits because it abrogated his vested right to resumption of benefits. We reverse and remand.

[¶ 2] Jensen injured his back at work on January 12, 1965. The Bureau accepted liability and paid disability benefits from January 13, 1965, through June 1, 1965. Jensen suffered another work injury in 1967 and the Bureau awarded benefits from June 1, 1967, through June 7, 1967. Jensen was hospitalized on February 16, 1981, and underwent a partial hemilaminectomy as a result of the 1965 injury. Jensen returned to work on October 15, 1981. In 1982, the Bureau awarded Jensen a lump-sum disability payment of $7,677.59 for the period from February 16, 1981, through October 14, 1981.

[¶ 3] Jensen recovered damages from another party for his 1965 work injury in a third-party personal injury action. The Bureau exercised its right of subrogation under § 65–01–09, N.D.C.C., and, on December 3, 1984, issued a resolution suspending future benefits: [1]

"BE IT FURTHER RESOLVED that the Bureau suspend any and all future benefits to which the claimant might be entitled under the North Dakota Workmen's Compensation Act as a consequence of the injury of January 12, 1965, until such future benefits would be equal to or exceed the sum of $51,720.10."

[¶ 4] In 1984, while working as a satellite television installer in Minnesota, Jensen had neck and arm pain. On September 7, 1985, Jensen had a C5–C6 and inferior C4 hemilaminectomy. On December 19, 1989, the Bureau denied benefits, concluding that Jensen failed to prove his 1984 neck problems were causally related to the 1965 or 1967 injuries.

[¶ 5] On May 17, 1991, Jensen's attorney wrote the Bureau, asserting "that the Bureau's entire suspended benefit has been liquidated and that Mr. Jensen is, once again, entitled to temporary total disability benefits." He also said Jensen had not worked since August 26, 1985, and is totally and permanently disabled. He enclosed with the letter a copy of a July 30, 1987, decision by a Social Security Administration Administrative Law Judge finding Jensen disabled and entitled to disability insurance benefits, commencing August 26, 1985.

[¶ 6] The Bureau treated the May 17, 1991, letter as "a written reapplication for disability benefits." [2] In a March 18, 1994, order, the Bureau found:

"VI.

"The greater weight of the evidence indicates that the claimant has sustained a significant change to his mid and low back condition due to the work injury, and therefore, the claimant is entitled to payment of disability benefits as of thirty days prior to the filing of the reapplication.

\*       \*       \*       \*       \*       \*

"VIII.

"The current amount of suspended benefits is $16,848.10, which equals $51,720.10 minus $32,376.00 for disability benefits accrued since April 17, 1991, to date, Permanent Partial Impairment Benefits in the amount of $945.00, and medical expenses incurred for the claimant's mid and low back condition through March 15, 1994. Incurred compensable medical expenses and disability benefits will further reduce the amount of suspended benefits."

On June 24, 1994, the Bureau issued an amended order finding that, as of March 15, 1994, the amount of suspended benefits was $2,256.11. The Bureau also found that the

---

1. The Bureau may suspend benefits equal to its subrogation interest. *Jones v. Pringle & Herigstad, P.C.,* 546 N.W.2d 837, 841 (N.D.1996); *Blaskowski v. North Dakota Workmen's Comp. Bureau,* 380 N.W.2d 333, 335–36 (N.D.1986).

2. At the time of Jensen's attorney's letter of May 17, 1991, § 65–05–08, N.D.C.C., as amended in 1989 (*1989 N.D. Laws,* Ch. 770 § 1), provided in part:
   "1. When partial or total disability benefits are discontinued, the claimant shall provide the bureau written notice of reapplication for disability benefits. In case of reapplication, the award may commence no more than thirty days before the date of reapplication.

   \*       \*       \*       \*       \*       \*

   "5. The provisions of this section apply to any disability claim asserted against the fund on or after July 1, 1989, irrespective of injury date."

suspended benefits had been exhausted and Jensen was eligible for medical expenses and disability benefits.

[¶ 7] After a hearing at Jensen's request, the Bureau issued another order on June 13, 1995. The Bureau found:

"XV.

"NDCC Section 65–05–08(1) provides that '[w]hen partial or total disability benefits are discontinued, the claimant shall provide the bureau written notice of reapplication for disability benefits. In case of reapplication, the award may commence no more than 30 days before the date of reapplication.' Prior to the Bureau issuing its Resolution in December of 1984, the claimant had last been paid disability benefits through October 14, 1981. In order for the resolution to have acted as a vehicle for the actual suspension of disability benefits, the claimant first must have established eligibility for the receipt of such benefits. However, prior to becoming eligible, the claimant first must have provided the Bureau with notice of reapplication for disability benefits. The claimant did not provide notice of reapplication until May 17, 1991, and, therefore, is not entitled to reinstatement of eligibility for disability benefits prior to April 17, 1991, which was thirty days prior to the receipt of the reapplication."

The Bureau concluded that Jensen "is not entitled to reinstatement of eligibility for disability benefits from the Bureau prior to April 17, 1991."

[¶ 8] The district court affirmed the Bureau's order. On appeal, Jensen contends the Bureau erred in applying § 65–05–08(1), N.D.C.C. (1989), to limit his eligibility for disability benefits. He argues the statute[3] in effect prior to 1989 applies because he was entitled to benefits prior to 1989.

[¶ 9] "The interpretation of a statute is a question of law, which is fully reviewable by this court." *Koch Oil Co. v. Hanson,* 536 N.W.2d 702, 706 (N.D.1995). Because this appeal presents only a question of law, §§ 28–32–19 and 28–32–21, N.D.C.C., require us to affirm the Bureau's order unless it "is not in accordance with the law." Section 28–32–19(1), N.D.C.C.

[¶ 10] The Bureau contends § 65–05–08(1), N.D.C.C. (1989), governs Jensen's request for resumption of disability benefits, and precludes an award of benefits commencing more than thirty days before the date of his reapplication.

[¶ 11] "Unless otherwise provided, the statutes in effect on the date of an injury govern workers' compensation benefits." *Thompson v. North Dakota Workers' Comp. Bureau,* 490 N.W.2d 248, 251 (N.D.1992). Jensen's entitlement to benefits ordinarily would be governed by the statutes in effect at the time of his injury. The language in § 65–05–08(5), N.D.C.C. (1989), stated that "[t]he provisions of this section apply to any disability claim asserted against the fund on or after July 1, 1989, irrespective of injury date." That language indicates the requirements and limitations of § 65–05–08, N.D.C.C. (1989), apply to injuries occurring before the statute was amended in 1989. However, "it is well established that statutory amendments may not operate retrospectively to abrogate contractual or vested rights." *Thompson,* 490 N.W.2d at 251. This court has "defined a vested right as 'an immediate or fixed right to present or future enjoyment and one that does not depend upon an event that is uncertain.'" *Thompson,* 490 N.W.2d at 251 (quoting *Dunham Lumber Co. v. Gresz,* 71 N.D. 491, 2 N.W.2d 175, 179 (1942)).

[¶ 12] If Jensen's compensable injury again became disabling before § 65–05–08, N.D.C.C., was amended in 1989, he had a vested right to resume receiving disability benefits as soon as the amount of benefits the Bureau paid or would have paid in accordance with its subrogation resolution of December 3, 1984, reached $51,720.10, without "reapplication for disability benefits" (§ 65–

---

3. Prior to its amendment in 1989, § 65–05–08, N.D.C.C. (1967 N.D. Laws, Ch. 484, § 3), provided: "No compensation will be paid for disability, the duration of which is less than five days. If the period of disability is of five days duration or more compensation shall be paid during disability."

05–08(1), N.D.C.C.1989), and without any time limit on when payment of benefits could begin. The Bureau's application of § 65–05–08, N.D.C.C. (1989), to Jensen's request for resumption of disability benefits abrogates Jensen's vested right to receive disability benefits upon again becoming disabled and as soon as the suspended benefits were liquidated. We conclude § 65–05–08, N.D.C.C. (1989), is not applicable to Jensen's claim for benefits.

[¶ 13] In its orders, the Bureau has found Jensen entitled to receive disability benefits, but, under § 65–05–08(1), N.D.C.C. (1989), only from April 17, 1991, thirty days before his "reapplication." The Bureau did not determine when the suspended benefits were liquidated and Jensen again became eligible to receive disability benefits without regard to § 65–05–08(1), N.D.C.C. (1989).[4]

[¶ 14] We reverse the judgment and remand the matter to the district court for entry of a judgment reversing the Bureau's order and remanding the matter for the Bureau to determine when Jensen's compensable injury again became disabling and when the suspended benefits were liquidated, rendering Jensen eligible for reinstatement of disability benefits without regard to § 65–05–08(1), N.D.C.C. (1989).

[¶ 15] SANDSTROM, NEUMANN, MARING and MESCHKE, JJ., concur.

4. The Bureau admitted in its brief that "Jensen became unable to work on August 26, 1985."