2000 ND 17

Orlyn WANSTROM, Claimant
and Appellant,

v.

NORTH DAKOTA WORKERS
COMPENSATION BUREAU,
Appellee,

and

City of Bismarck, Respondent.

No. 990306.

Supreme Court of North Dakota.

Jan. 24, 2000.

Kathryn L. Dietz, Dietz, Little & Haas, Bismarck, ND, for appellant.

Brent J. Edison, Special Assistant Attorney General, Bismarck, ND, for appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Orlyn Wanstrom appealed from a district court judgment affirming a Workers Compensation Bureau decision dismissing Wanstrom's claim. The Bureau held because Wanstrom filed his claim after July 1, 1997, he was subject to N.D.C.C. § 65–01–15 (1995), and thus prohibited from using the presumption under N.D.C.C. § 65–01–02(18)(d) (1995). We hold the Bureau erred as a matter of law by concluding the application date was dispositive instead of the injury date, and remand for additional Findings of Fact and Conclusions of Law as to whether the presumption has been successfully rebutted.

[¶ 2] Wanstrom was a firefighter with the City of Bismarck from May 1, 1974 until June 30, 1997. Dr. Monica T. Paulo examined Wanstrom on June 6, 1997. Paulo's report diagnosed Wanstrom with chronic obstructive pulmonary disease and stated that Wanstrom was at risk for fur-

ther exposure to smoke or other inhalants. On June 30, 1997, Wanstrom was placed on medical leave by his employer.

[¶ 3] Wanstrom filed a claim with the Bureau on July 3, 1997.[1] He sought application of the presumption in N.D.C.C. § 65–01–02(18)(d) (1995). If applicable, the statute would presume Wanstrom's lung condition was suffered in the line of duty. N.D.C.C. § 65–01–02(18)(d) (1995).[2] The Administrative Law Judge ("ALJ") held N.D.C.C. § 65–01–15 (1995), prohibits Wanstrom from using this presumption. Section 65–01–15, N.D.C.C., requires Wanstrom to provide "yearly documentation from a physician which indicates ... [he] ... has not used tobacco for the preceding two years," in order to use the presumption in section 65–01–15(18)(d), N.D.C.C. It is undisputed Wanstrom has smoked one to one-and-one-half packs of cigarettes a day for approximately 30 years. Since Wanstrom had not complied with N.D.C.C. § 65–01–15, the ALJ held he was not eligible for the presumption. The district court affirmed the Bureau's order.

[¶ 4] Wanstrom's appeal is limited in scope. He argues N.D.C.C. § 65–01–15 does not apply to him because firefighters were not "subject to" the section until July 1, 1997, and Wanstrom's injury date was before July 1, 1997. It is undisputed Wanstrom's date of injury was before July 1, 1997. The dispositive issue on this appeal is whether the date of injury or the date of claim filing should be used in determining if a worker is "subject to" N.D.C.C. § 65–01–15.

[¶ 5] In an appeal from a district court judgment entered on review of an administrative agency decision, we review the decision of the agency, rather than that of the district court, *Vraa v. North Dakota Workers Comp. Bureau*, 1999 ND 6, ¶ 8, 588 N.W.2d 857, but the district court's analysis is entitled to respect. *Holmgren · v. North Dakota Workers Comp. Bureau*, 455 N.W.2d 200, 201 (N.D. 1990). The interpretation of a statute is a question of law, which is fully reviewable by this court. *Jensen v. North Dakota Workers Comp. Bureau*, 1997 ND 107, ¶ 9, 563 N.W.2d 112. "Because this appeal presents only a question of law, §§ 28–32–19 and 28–32–21, N.D.C.C., require us to affirm the Bureau's order unless it 'is not in accordance with the law.' " *Id.* (citing section 28–32–19(1)).

[¶ 6] Section 65–01–15, N.D.C.C., became effective on August 1, 1995. It says a "full-time paid firefighter ... employed on June 30, 1995, is not subject to this section until July 1, 1997." N.D.C.C. § 65–01–15 (1995). The legislative history appears to show the legislature's intent was to allow time for tobacco users to comply with the statute, by ending their tobacco use immediately in 1995 so they could demonstrate by 1997 they had not used tobacco for two years.[3] *See Hearing on S.B.2085 Before the Senate Judiciary Comm.*, 54th N.D. Legis. Sess. (March 31, 1995) (testimony of Representative Berg). This fact, however, gives us no guidance in determining whether the statute applies to a worker injured before being "subject to" its terms, but applies for benefits after

---

1. At the hearing Wanstrom's position was that he filed a claim for his lung condition with the Bureau on June 30, 1997, but he conceded for purposes of appeal the claim filing date was July 3, 1997.

2. Section 65–01–02(18)(d), N.D.C.C. (1995), reads:

   However, any condition or impairment of health of a full-time paid firefighter or law enforcement officer caused by lung or respiratory disease, hypertension, heart disease, or exposure to infectious disease as defined by sections 23–07.3–01 and 23–07.3–02, or occupational cancer in a full-time paid firefighter, resulting in total or partial disability or death is presumed to have been suffered in the line of duty.

3. Although the legislative history appears to show the legislature wanted to give smokers time to comply with the statute, the time between the statute's effective date and the date persons became subject to it was only 23 months.

being "subject to" its terms. N.D.C.C. § 65–01–15.

[¶ 7] We have consistently held " 'unless otherwise provided, the statutes in effect on the date of an injury govern workers' compensation benefits.' " *Jensen*, at ¶ 11; *see Saari v. North Dakota Workers Comp. Bureau*, 1999 ND 144, ¶ 10, 598 N.W.2d 174; *Engebretson v. North Dakota Workers Comp. Bureau*, 1999 ND 112, ¶ 11, 595 N.W.2d 312; *Geck v. North Dakota Workers Comp. Bureau*, 1998 ND 158, ¶ 6, 583 N.W.2d 621; *Loberg v. North Dakota Workers Comp. Bureau*, 1998 ND 64, ¶ 9, 575 N.W.2d 221; *Fuhrman v. North Dakota Workers Comp. Bureau*, 1997 ND 191, ¶ 7 n. 2, 569 N.W.2d 269; *Anderson v. North Dakota Workers Comp. Bureau*, 553 N.W.2d 496, 498 (N.D.1996); *Thompson v. North Dakota Workers' Comp. Bureau*, 490 N.W.2d 248, 251 (N.D.1992).

[¶ 8] In some statutes the legislature has stated the injury date is not relevant to the section. *See, e.g.*, N.D.C.C. § 65–05–08(5) (Supp.1999) (stating "[t]he provisions of this section apply to any disability claim asserted against the fund on or after July 1, 1991, *irrespective of injury date* ") (emphasis added). Here, however, the drafters of N.D.C.C. § 65–01–15 did not prohibit application of the statute based on the date of injury or specify another basis for being "subject to" the statute. Thus, we will continue to follow our precedent that " 'unless otherwise provided, the statutes in effect on the date of an injury govern workers' compensation benefits.' " *Jensen*, at ¶ 11. Wanstrom was injured before becoming "subject to" the terms of N.D.C.C. § 65–01–15, and thus the presumption in N.D.C.C. § 65–01–02(18)(d) applies.

[¶ 9] The Bureau's decision was not in accordance with the law. We reverse the judgment and remand the matter to the district court for entry of a judgment reversing the Bureau's order and remanding the matter for the Bureau to determine whether the presumption in N.D.C.C. § 65–01–02(18)(d) has been successfully rebutted.

[¶ 10] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, JJ., EVERETT NELS OLSON, D.J., concur.

[¶ 11] EVERETT NELS OLSON, D.J., sitting in place of DALE V. SANDSTROM, J., disqualified.