2002 ND 145

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Kenneth YINEMAN, Defendant and Appellant.**

**No. 20010279.**

Supreme Court of North Dakota.

Aug. 29, 2002.

Allen M. Koppy, State's Attorney, Mandan, for plaintiff and appellee.

Robert W. Martin, Bismarck, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Kenneth Yineman appealed from a Morton County District Court criminal judgment entered after a jury convicted

Yineman of leaving the scene of a traffic accident. Yineman contends the State did not produce evidence sufficient to support his conviction. The State, however, argues there was sufficient evidence to support the conviction, or, in the alternative, the State asserts Yineman failed to preserve the issue for appeal by not making a motion for a judgment of acquittal under N.D.R.Crim.P. 29(a). We affirm.

[¶ 2] A Morton County deputy sheriff was notified of an alleged hit and run accident south of Mandan, North Dakota, on Highway 1806. A description of the suspect vehicle including a license plate number was relayed to the deputy. The deputy then drove south along Highway 1806 until a vehicle matching the description of the suspect vehicle was located at the intersection of Highway 1806 and County Road 80.

[¶ 3] The vehicle was occupied by Yineman, who was the driver, and another individual. The deputy stopped the vehicle and spoke briefly with Yineman. The deputy also observed damage to the front driver's side of the vehicle. During this questioning, Yineman admitted to being involved in the accident and to leaving the scene of the accident. Based on the deputy's observations and Yineman's statements, Yineman was arrested and charged with leaving the scene of an accident.

[¶ 4] The driver of the vehicle which was allegedly struck by Yineman, was contacted and arrangements were made for him to bring his vehicle to the sheriff's office for inspection. When the driver of this vehicle came to the sheriff's office, the deputy first learned the details of the incident and saw the damage to the second vehicle.

[¶ 5] The deputy did not observe the second vehicle at the scene of the accident at any time, nor did he photograph the intersection generally or specifically any skid-marks that may have been at the scene. No photographs were taken of Yineman's car, and the deputy did not further investigate the scene of the accident.

[¶ 6] The case was tried to a jury. At the end of the State's case-in-chief, Yineman did not move for an acquittal under the rules of criminal procedure based on insufficiency of the evidence. Instead Yineman presented his own evidence. At the end of his own presentation, Yineman did not move for an acquittal. The jury returned a verdict of guilty.

I

[¶ 7] In *State v. Himmerick*, 499 N.W.2d 568, 572 (N.D.1993), we announced a departure from a well-established rule of law, which required any defendant to make a motion of acquittal under N.D.R.Crim.P. 29 to preserve an issue of sufficiency of the evidence for appellate review. We held the procedural requirement of making a motion for acquittal under N.D.R.Crim.P. 29 was unnecessary in bench trials, where a judge rather than a jury acts as factfinder. *Id.* Nonetheless, we expressly declared in *Himmerick* this new rule did not apply in civil cases, criminal jury cases, or "challenges based on the *weight* of the evidence" as opposed to challenges based on the sufficiency of the evidence. *Id.*

[¶ 8] Evidentiary sufficiency and evidentiary weight are distinct concepts. In *State v. Kringstad*, we explained:

A conviction rests upon insufficient evidence when, even after viewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no rational factfinder could have found the defendant guilty beyond a reasonable doubt.

When a court, be it an appellate court or a trial court on motion for entry of a judgment of acquittal, concludes that evidence is legally insufficient to support a guilty verdict, it concludes that the prosecution has failed to produce sufficient evidence to prove its case. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution bars retrial in such a case.

353 N.W.2d 302, 306 (N.D.1984) (citations omitted).

■■■ [¶ 9] On the other hand, when a court is asked to consider whether or not a conviction is against the weight of the evidence, the court must evaluate for itself the credibility of the evidence. *Id.* "If the [trial] court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Id.* (quoting *U.S. v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir.1980)).

■■■ [¶ 10] Therefore, while in challenges based on the weight of the evidence a trial court acts as a "thirteenth juror" and independently assigns value to and weighs evidence, in challenges based on the sufficiency of the evidence the court asks only if the prosecution's case could have been believed by a rational factfinder. *Id.* (quoting *Tibbs v. Florida,* 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982)).

[¶ 11] Yineman presents his sole issue on appeal as if it were a challenge to the sufficiency of the evidence supporting his conviction, yet he marshals only weight-of-the-evidence arguments and evidence to the support of his cause. Specifically, in his brief to this Court Yineman asserts:

> [T]he State presented not one single piece of consistent evidence to support the conviction in the instant case, including even the one "neutral" witness, Deputy Dion Bitz.

> Deputy Bitz himself had to admit that he had no excuse for his failure to process the scene of the incident and that he made no attempt to go out to the site the next day due to the fact that he was on vacation, even though it would be a normal part of the investigative procedure to do so to determine the accuracy of the sole statement he had taken.

> Further, even though Arley Bloomgren painted a graphic encounter with Kenneth Yineman, including the two occupants of Mr. Yineman's vehicle stopping, exiting, and approaching while making threatening "scalping" motions, the testimony presented by the other occupant of Mr. Bloomgren's vehicle directly refuted this roadside encounter. Rose Marie Bloomgren testified that nobody exited Mr. Yineman's vehicle after it pulled over, directly contradicting her husband's flamboyant story of this encounter.

> This represents the sum total of the evidence presented by the State, and while trial counsel did not move for a judgment of acquittal pursuant to Rule 29(a) of the North Dakota Rules of Criminal Procedure and chose to present an affirmative defense of duress, the presentation of such defense placed the circumstances of the incident into a they said/we said mode of conflicting testimony. This is not enough to support a "reasonable inference" of guilt "warranting a conviction", especially in light of the irreconcilable conflicts in the evidence presented by the State and the indifferent police work performed by Deputy Bitz.

(Citations omitted).

[¶ 12] Yineman is not arguing a rational factfinder could not have, drawing all

inference in favor of the prosecution, found him guilty beyond a reasonable doubt. Rather, Yineman is arguing the weight of the evidence militates against finding him guilty beyond a reasonable doubt.

[¶ 13] As discussed above in *State v. Himmerick*, at 572, we explicitly put challenges of this sort beyond the reach of the modified rule. Therefore, for Yineman to have preserved his weight-of-the-evidence challenge to his conviction he was required to make an appropriate motion. He did not do so. Thus the issue was not properly preserved for appeal.

## II

[¶ 14] Assuming, for purposes of discussion only, that Yineman is challenging his conviction on the basis the prosecution failed to produce sufficient evidence to prove its case, his argument is still inappropriately before this Court. Again, as discussed in *Himmerick*, we held "[t]his new rule does not apply to criminal jury trials." *Id.* at 573. We further explained "[a] defendant in a criminal jury trial must still make a motion for a judgment of acquittal to preserve the issue of sufficiency of the evidence for appeal." *Id.* Thus, it is clear, "[t]o preserve an issue of sufficiency of the evidence for review in a jury trial, a defendant must move the lower court for a judgment of acquittal under N.D.R.Crim.P. 29." *City of Grand Forks v. Dohman*, 552 N.W.2d 66, 67 (N.D.1996).

[¶ 15] Rule 29(a) of the Federal Rules of Criminal Procedure is "significantly similar to our Rule 29(a), N.D.R.Crim.P." *Himmerick*, at 572. Charles A. Wright, in his treatise on federal procedure, observes that the majority of federal circuits have interpreted the federal rule just as we have interpreted our similar state rule. Wright points out:

There is seemingly well-settled doctrine that if no motion for judgment of acquittal was made in the trial court, an appellate court cannot review the sufficiency of the evidence. And if the defendant has asserted specific grounds in the trial court as the basis for a motion for acquittal, he or she cannot assert other grounds on appeal.

Closely related to this is the rule that if the defendant does move for acquittal at the close of the government's case, but fails to renew the motion at the close of all the evidence, he has waived his earlier objection to the sufficiency of the government's evidence, and again there is nothing to review.

A very different rule applies in cases tried to the court. There it is held that the sufficiency of the evidence will be considered on appeal, even though there was no motion for acquittal, on the theory that "the plea of not guilty asks the court for a judgment of acquittal, and a motion to the same end is not necessary." This is a sound theory, but it is strange that it is not held equally applicable in a jury trial. There, too, the plea of not guilty asks for a judgment of acquittal. Further, Rule 29(a) requires the court to grant such a judgment "on its own motion" if the evidence is insufficient to sustain a conviction. It would seem that if the evidence is indeed insufficient, and the court has failed to order an acquittal even though there was no motion, the court has failed to comply with the rule. This is an error of law that should be held fully reviewable.

Charles A. Wright, *Federal Practice and Procedure* § 469, at 321–23 (3d ed.2000) (footnotes omitted).

[¶ 16] As conceded in Wright, and acknowledged in *Himmerick*, federal courts interpreting a rule of federal procedure similar to our state procedure hold that to preserve an issue of sufficiency of the evidence for review in a jury trial, a defen-

dant must move the lower court for a judgment of acquittal under N.D.R.Crim.P. 29(a) in North Dakota courts and F.R.Crim.P. 29(a) in federal courts.

[¶ 17] The well-established rule, requiring a defendant in a jury trial to move a lower court for a judgment of acquittal to preserve the issue of sufficiency of the evidence for appellate review, does not seem strange to us. As the United States Court of Appeals has explained "[i]n a bench trial, the judge acting as the trier of both fact and law implicitly rules on the sufficiency of the evidence by rendering a verdict of guilty. A motion to acquit is superfluous because the plea of not guilty has brought the question of the sufficiency of the evidence to the court's attention." *U.S. v. Atkinson,* 990 F.2d 501, 503 (9th Cir.1993).

[¶ 18] A plea of not guilty obviously challenges the sufficiency of the evidence in a jury trial also, but it is the jury, not the court, which is the trier of fact, the determiner of the guilt or innocence of the defendant. Although a motion is not necessary in a bench trial where the judge must be focused on the facts as the trier of fact, a judge in a jury trial may not be as centered, and a motion may indeed be necessary to prompt the judge to review the evidence with an eye to the significant act of removing the case from the jury. There is logic in requiring the motion in a jury trial but not a bench trial. From an appellate court standpoint, we can, as *Himmerick* implies, assume a judge who is the trier of fact has determined the sufficiency of the evidence without a motion for acquittal. That same assumption is not necessarily valid where the jury is the trier of fact and no motion for acquittal was made. Although the issue of the sufficiency of the evidence is, after drawing all inferences in favor of the

verdict, a question of law, fully reviewable on appeal, *City of Grand Forks v. Thong,* 2002 ND 48, 640 N.W.2d 721, the trial judge's opinion of the sufficiency of the evidence from the viewpoint of the trier of fact rather than as the judge presiding over a jury trial is valuable to an appellate court. *Cf. Wanstrom v. North Dakota Workers Comp. Bureau,* 2000 ND 17, ¶ 5, 604 N.W.2d 860 (observing that on appeal from a district court judgment reviewing an administrative agency decision, we review the decision of the agency "but the district court's analysis is entitled to respect"). On appeal, we can assume a trial judge sitting as a trier of fact has determined the evidence sufficient. Without a motion for acquittal, that same assumption is not necessarily warranted where the trial judge is not the trier of fact.

[¶ 19] Nor do we believe it an undue burden to require the defense to make a motion for judgment of acquittal in order to raise the issue of sufficiency of the evidence on appeal. Appellate counsel, who was not trial counsel, candidly admitted at oral argument there was no other issue he could find to raise on appeal. But allowing appellate counsel to raise the sufficiency of the evidence on appeal when trial counsel arguably did not believe the motion was meritorious is not justification to change our jurisprudence. Furthermore, because the failure to make a motion for judgment of acquittal that could not have been granted by the trial court is not ineffective assistance of counsel, *State v. Jackson,* 2002 ND 105, ¶ 3, 646 N.W.2d 676, the requirement that a motion for judgment of acquittal be made in order to raise the issue on appeal is not unduly restrictive. Rather, it deters frivolous appeals.

[¶ 20] We decline the invitation extended by Mr. Yineman, to overturn our precedent. Rather, we will follow the logic of

the precedent which led us to hold in *Himmerick* that no motion for acquittal is necessary in a bench trial but that a motion is necessary in a jury trial to review the sufficiency of the evidence on appeal. Accordingly, we turn to the facts before us.

[¶ 21] Yineman was convicted by a jury. He did not make a motion for a judgment of acquittal to preserve the issue of sufficiency of the evidence for appeal. In other words, Yineman did nothing to bring the issue to the trial court's attention. Nonetheless, his sole argument before us now is that there was insufficient evidence to support his conviction. "Generally, issues not raised in the trial court, even constitutional issues, will not be addressed on appeal." *State v. Miller*, 388 N.W.2d 522, 522 (N.D.1986). The exception to this principle arises when the record reveals an "obvious error" in the action of the trial court. *State v. Tweed*, 491 N.W.2d 412, 418 (N.D.1992); N.D.R.Crim.P. 52(b); Wright, § 469, at 323 (observing "there is an escape from the doctrine that failure to move for acquittal bars review of the evidence in a jury case" under "plain error" doctrine).

[¶ 22] We have noted:

> To establish obvious error under N.D.R.Crim.P. 52(b), the defendant has the burden to show (1) error, (2) that is plain, and (3) that affects substantial rights. We exercise our power to notice obvious error cautiously, and only in exceptional circumstances where the accused has suffered serious injustice. In determining whether there has been obvious error, we examine the entire record and the probable effect of the alleged error in light of all the evidence.

*State v. Johnson*, 2001 ND 184, ¶ 12, 636 N.W.2d 391 (citations omitted).

[¶ 23] Upon our review of the record we find no obvious or plain error. Although in view of our holding today it may appear to be plain error whenever defense counsel fails to move for a judgment of acquittal under N.D.R.Crim.P. 29(a) in the trial court, we have previously observed the failure to make such a motion that could not have been granted by the trial court because the prosecution had, in fact, presented a prima facie case, is not ineffective assistance of counsel. *State v. Jackson*, 646 N.W.2d 676, 2002 ND 105, ¶ 3; *State v. Kroeplin*, 266 N.W.2d 537, 543 (N.D.1978). This is such a case.

### III

[¶ 24] The judgment is affirmed.

[¶ 25] DALE V. SANDSTROM, and WILLIAM A. NEUMANN, JJ.

MARING, Justice, concurring in the result.

[¶ 26] I concur in the result. I agree with that part of the majority opinion which concludes Yineman presented a weight-of-the-evidence challenge to his conviction, but failed to preserve the issue for appeal by making a motion for a new trial.

[¶ 27] I do not agree with those parts of the majority opinion discussing the logic behind requiring a motion for acquittal in a jury trial, but not in a bench trial, in order to preserve the issue for appeal. Although it does appear the majority of federal circuits have interpreted Federal Rule 29(a) the same way the majority interprets our state rule, I am in agreement with Charles A. Wright in his treatise on federal procedure. 2A Charles A. Wright, *Federal Practice and Procedure* § 469, 322–23 (3d ed.2000). Wright points out that the theory behind not requiring a motion for acquittal in order to preserve the issue for appeal in a bench trial is that the plea of not guilty asks the court for a judgment of acquittal. *Id.* Wright notes:

> This is a sound theory, but it is strange that it is not held equally applicable in a

jury trial. There, too, the plea of not guilty asks for a judgment of acquittal. Further, Rule 29(a) requires the court to grant such a judgment "on its own motion" if the evidence is insufficient to sustain a conviction. It would seem that if the evidence is indeed insufficient, and the court has failed to order an acquittal even though there was no motion, the court has failed to comply with the rule. This is an error of law that should be held fully reviewable.

*Id.* at 323 (footnote omitted). This is a more logical analysis than the majority's, which infers a trial judge in a jury case has little or no responsibility to carefully listen to the facts and draw inferences therefrom as the trial progresses in preparation for a potential motion for a judgment of acquittal by the defendant or the granting of a judgment on the trial court's own motion.

[¶ 28] Therefore, I respectfully concur in the result.

[¶ 29] MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ.