# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 209

Fairville Township,                                             Appellee

      v.

Wells County Water Resource District,               Appellant

## No. 20250255

Appeal from the District Court of Wells County, Southeast Judicial District, the Honorable James D. Hovey, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Monte L. Rogneby (argued) and Bennett L. Johnson (appeared), Bismarck, ND, for appellee.

Brian D. Schmidt (argued) and Scott K. Porsborg (on brief), Bismarck, ND, for appellant.

**Bahr, Justice.**

[¶1] The Wells County Water Resource District appeals from a district court order reversing the Water District's decision to assess costs against Fairville Township. The Water District argues it followed N.D.C.C. § 61-16.1-51 when it ordered the costs of removing drain obstructions and reinstalling culvert crossings be assessed against the Township. We affirm.

I

[¶2] The Water District constructed the Oak Creek Drain in the late 1980's to remove flood waters from productive agricultural lands and to protect local infrastructure in western Eddy County and eastern Wells County. Before construction of the Oak Creek Drain, three existing culverts crossed 55th Avenue NE in Fairville Township. The three culverts are now referred to as "Crossing 2," "Crossing 3," and "Crossing 4." At the time of construction, the Water District changed the design to leave Crossings 2 and 3 in place and incorporate them into the design of the Oak Creek Drain.

[¶3] On March 19, 2024, at its annual meeting, the Township passed a motion to remove Crossings 2 and 3. On March 28, 2024, the Water District held a special meeting at which it discussed the Township's decision to remove the crossings. At the meeting, Township supervisor Richard Lies informed the Water District of the Township's position that Crossings 2 and 3 do not belong to the Water District because the culverts predate the Oak Creek Drain. The Water District passed a motion to send a letter to the Township asking them not to remove Crossings 2 and 3 "before more information is gathered." The Water District did not appeal the Township's removal decision.

[¶4] On May 3, 2024, the Water District, through counsel, sent a letter to the Township acknowledging the Township's March 19, 2024 decision to remove Crossings 2 and 3. The Water District asserted it is the entity with authority and jurisdiction over the culverts and demanded the Township "formally acknowledge that it has no jurisdiction over the crossings and that the Township

1

will take no further action of any sort with regard to the crossings." The letter threatened legal action "[i]f the Township does not respond by May 15, or does not cede any claim of authority over these crossings[.]"

[¶5] Around May 2024, the Township removed Crossings 2 and 3 and reconstructed the township roadway.

[¶6] On July 9, 2024, the Water District passed a motion to direct Apex Engineering to investigate the Township's removal of Crossings 2 and 3, to analyze whether the removal constitutes an obstruction to a drain under N.D.C.C. § 61-16.1-51, and to prepare written findings for the Water District's review.

[¶7] Apex Engineering concluded, among other things, that the Township's removal of Crossings 2 and 3 adversely impacted over 25 acres of private and productive agricultural land and would "result in increased sedimentation and crop loss"; the Township's obstruction rendered the Oak Creek Drain non-compliant with the stream crossing standards set forth by article 89-14 of the North Dakota Administrative Code; and the Township's removal of Crossings 2 and 3 "will increase maintenance costs on the assessment drain property owners due to poor conveyance and the increased potential for the 55th Avenue NE roadway to overtop." Apex Engineering recommended "the removed culverts be replaced with culverts of the same size, type, and elevation that previously existed in the Oak Creek Drain and that the waterman gates be installed on the culvert crossings with chains and locks to be operated by the [Water] District."

[¶8] On August 30, 2024, after considering the results of Apex Engineering's investigation, the Water District adopted and approved Findings of Fact, Conclusions of Law, and Order (Obstruction Order). The Obstruction Order concluded:

> The [Water District] has jurisdiction and authority to investigate and order the removal of obstructions to drains under N.D. Cent. Code § 61-16.1-51.

2

N.D. Cent. Code § 61-16.1-51(2) states that "an obstruction to a drain" means a natural or artificial barrier to a watercourse, as defined by section 61-01-06, or an artificial drain, including if the watercourse or drain is located within a road ditch that materially affects the free flow of waters in the watercourse or drain.

N.D. Cent. Code § 61-16.1-51(1) states that if a water resource board determines that an obstruction to a drain has been caused by the result of a natural occurrence, such as sedimentation or vegetation, or by the negligent act or omission of a landowner or tenant, the board shall notify the landowner by registered mail at the landowner's post-office address of record.

N.D. Cent. Code § 61-16.1-51(1) states that the notice must specify the nature and extent of the obstruction and the opinion of the board as to its cause, and must state if the obstruction is not removed within the period the board determines, but not less than fifteen days, the board shall procure removal of the obstruction and assess the cost of removal, or the portion the board determines to be appropriate, against the property of the landowner responsible. The notice must also state the affected landowner, within fifteen days of the date the notice is mailed, may demand, in writing, a hearing on the matter.

N.D. Cent. Code § 61-16.1-51(1) states that upon receipt of the demand, the board shall set a hearing date within fifteen days from the date the demand is received.

N.D. Cent. Code § 61-16.1-51(1) states that a landowner aggrieved by action of the board under this section may appeal the decision of the board to the district court of the county in which the land is located in accordance with the procedure found in section 28-34-01. A hearing under this section is not a prerequisite to an appeal.

N.D. Cent. Code § 61-16.1-51(3) states that following removal of an obstruction to a drain, either by a water resource board or by a party complying with an order of a water resource board, the board may assess its costs against the property of the responsible landowner.

[¶9] In its Obstruction Order, the Water District determined "an obstruction to the Oak Creek Drain has been caused by the negligent act or omission of the

3

Fairville Township Board of Supervisors." The Obstruction Order ordered the Township to reconstruct Crossings 2 and 3 "at the same size, in the same location, and at the same elevation as existed prior to their removal by Fairville Township's contractor." It further ordered, "That if Crossing 2 and Crossing 3 are not reconstructed in accordance with this Order by 5:00 p.m. on September 15, 2024, the [Water District] shall procure removal of the obstruction by reconstructing Crossing 2 and Crossing 3." Next, the Obstruction Order ordered that, "in accordance with N.D. Century Code § 61-16.1-51(1) & (3), following the removal of the obstruction to the Oak Creek Drain, either by the water resource board or Fairville Township complying with this Order, the [Water District] shall assess its costs against Fairville Township." Finally, the Obstruction Order gave notice that an aggrieved party could appeal the order under N.D.C.C. §§ 61-16.1-51(1) and 28-34-01. The Township did not appeal the Water District's Obstruction Order.

[¶10] The Township did not comply with the Water District's Obstruction Order. In September 2024, the Water District reinstalled Crossings 2 and 3. On October 8, 2024, the Water District adopted Findings of Fact, Conclusions of Law, and Order (Assessment Order). The Assessment Order concluded:

> Due to Fairville Township's failure to remove the obstruction by the deadline identified in the Notice of Decision, the [Water District] had a legal right and obligation to procure a contractor to remove the obstruction.
>
> The [Water District] incurred substantial costs in investigating and removing the obstruction.
>
> Under N.D. Cent. Code § 61-16.1-51, "(F)ollowing removal of an obstruction to a drain, either by a water resource board or by a party complying with an order of a water resource board, the board may assess its costs against the property of the responsible landowner."
>
> The [Water District] is entitled to recover its costs incurred regarding the obstruction and as of September 30, the District has incurred costs in the total amount of $57,658.11.

4

> The [Water District] is entitled to assess these costs against Fairville Township as the party responsible for creating the obstruction.
>
> The [Water District] may incur additional costs regarding the obstruction, in which case the District will similarly be entitled to recover those additional costs incurred by assessing Fairville Township.

The Assessment Order directed Wells County to assess the Water District's costs "in the amount of $57,658.11 against Fairville Township."

[¶11] On November 7, 2024, the Township appealed the Assessment Order to the district court. *See* N.D.C.C. § 61-16.1-54 (providing for the appeal of decisions of water resource boards).

[¶12] On November 12, 2024, the Water District adopted a Second Assessment Order changing the amount assessed against the Township. The Township filed a supplemental notice of appeal appealing the Second Assessment Order.

[¶13] On December 10, 2024, the Water District issued Amended Findings of Fact, Conclusions of Law, and Order (Amended Order) modifying the amount the Water District alleged the Township must pay because of additional costs after the Township's appeal and various clerical and accounting errors. The parties agreed the Township did not have to appeal the Amended Order because it directly relates to the orders the Township appealed on November 7, 2024 and November 13, 2024. In the Amended Order, the Water District directed Wells County to assess $66,457.31 against the Township.

[¶14] Following briefing by both parties, the district court issued an order reversing the Water District's assessment orders. The court interpreted N.D.C.C. § 61-16.1-51 to apply to "<u>private</u> landowners or tenants, not governing bodies." The court explained "the actions taken by the Township were in its capacity as a local governing body, not as a private landowner." It also stated, "The record is devoid of any facts showing the actual land surrounding the culvert was owned by the Township in its official capacity." It further noted the law permits water resource boards to assess their "costs <u>against the property of the responsible landowner</u>." "The District assessed its costs against the Township itself as a

governing body." After further analysis, the court held the Water District's assessment orders were arbitrary, capricious, and unreasonable because the decisions failed to correctly interpret or apply N.D.C.C. § 61-16.1-51.

## II

[¶15] This Court outlined the standard of review in appeals from a decision of a water resource district in *Douville v. Pembina County Water Resource District*, 2000 ND 124, ¶ 5, 612 N.W.2d 270:

> In an appeal from the decision of a local governing body under N.D.C.C. § 28-34-01, our scope of review is the same as the district court's and is very limited. Our function is to independently determine the propriety of the decision, without according any special deference to the district court's decision, and unless the Board acted arbitrarily, capriciously or unreasonably, or there is not substantial evidence to support the decision, it must be affirmed. A decision is not arbitrary, capricious or unreasonable if the exercise of discretion is the product of a rational mental process by which the facts and the law relied upon are considered together for the purpose of achieving a reasoned and reasonable interpretation.

*Id*. (quoting *Graber v. Logan Cnty. Water Res. Bd.*, 1999 ND 168, ¶ 7, 598 N.W.2d 846). Interpretation of a statute is a question of law, which is fully reviewable by this Court. *Wanstrom v. N.D. Workers Comp. Bureau*, 2000 ND 17, ¶ 5, 604 N.W.2d 860.

## III

### A

[¶16] The Water District did not appeal the Township's removal decision; the Township did not appeal the Water District's Obstruction Order. Thus, the removal decision and Obstruction Order are not before this Court. We are not deciding which entity had authority or jurisdiction over Crossings 2 and 3. To the extent the district court's order addresses the Township's or Water District's authority to construct or reconstruct culverts, or the "appropriate remedy for the [Water] District after the Township removed the culverts," we decline to address

those issues. The sole issue on appeal is whether the Water District properly assessed against the Township the Water District's costs of removing and reinstalling the culverts.

B

[¶17] The Water District argues its assessment orders are not arbitrary and capricious because it acted within its statutory authority under N.D.C.C. § 61-16.1-51 in assessing against the Township the costs of removing an obstruction to a drain. The Water District asserts it had authority to investigate and order the removal of the obstruction to Crossings 2 and 3 under section 61-16.1-51; that it notified the Township of its determination that an obstruction to Crossings 2 and 3 had been caused by the "negligent act of the Fairville Township Board of Supervisors" as required by section 61-16.1-51(1); that it provided notice to the Township that if the obstruction is not removed within fifteen days, the Water District would remove the obstruction and assess the costs of removal against the Township; and when the Township failed to comply, the Water District was authorized to remove the obstruction and assess its costs against the Township under section 61-16.1-51(3).

[¶18] Section 61-16.1-51, N.D.C.C., the statute primarily relied upon by the Water District, provides in part:

> 1. If a water resource board determines that an obstruction to a drain has been caused by . . . *the negligent act or omission of a landowner or tenant*, the board shall notify *the landowner* by registered mail at the landowner's post-office address of record. . . . [T]he board shall procure removal of the obstruction and assess the cost of the removal, or the portion the board determines appropriate, *against the property of the landowner responsible*. The notice also must state *the affected landowner*, within fifteen days of the date the notice is mailed, may demand, in writing, a hearing on the matter. . . . In the event of an emergency, the board may apply immediately to the appropriate district court for an injunction prohibiting *a landowner* or tenant from maintaining an obstruction. . . . If, in the opinion of the board, more than one *landowner* or tenant has been responsible, the costs may be assessed on a pro rata

7

basis in accordance with the proportionate responsibility of *the landowners*. *A landowner* aggrieved by action of the board under this section may appeal the decision of the board to the district court of the county in which the land is located in accordance with the procedure provided in section 28-34-01. . . .

. . . .

3. Following removal of an obstruction to a drain, either by a water resource board or by a party complying with an order of a water resource board, the board may assess its costs *against the property of the responsible landowner.*

(Emphasis added.)

[¶19] Section 61-16.1-51, N.D.C.C., addresses a water resource board's removal of an obstruction to a drain caused by a landowner or tenant. The statute authorizes water resource boards to assess costs "against the property" of the responsible "landowner."

[¶20] Chapter 61-16.1, N.D.C.C., does not define "property." Section 61-16.1-02(3) defines "Benefited property" to mean "property that has accrued a benefit from a project." "'Project' means any undertaking for water conservation; flood control; water supply; water delivery; erosion control and watershed improvement; drainage of surface waters; collection, processing, and treatment of sewage; discharge of sewage effluent; or any combination of purposes in this subsection, and includes incidental features of the undertaking." N.D.C.C. § 61-16.1-02(14).

[¶21] Chapter 61-16.1 does not define "Landowner." Section 61-16.1-02(1), N.D.C.C., defines "Affected landowners" to mean "landowners whose land is subject to special assessment or condemnation for a project."

[¶22] The Water District's assessment orders do not determine the Township is a "landowner." The Water District argues a township can be a landowner. However, the Water District made no finding the Township is a "landowner" as the term is used in N.D.C.C. § 61-16.1-51. Moreover, the Water District did not

8

find, and has not pointed to any evidence in the record indicating, that the Township owns property surrounding Crossings 2 and 3. It also did not find, and has not pointed to any evidence in the record indicating, the Township owns land that accrues a benefit from the Oak Creek Drain. Finally, the assessment orders do not assess the Water District's costs "against the property" of the Township. Rather, contrary to N.D.C.C. § 61-16.1-51(3), the assessment orders direct Wells County to assess the costs against the Township.

[¶23] The Water District's assessment orders are not authorized under N.D.C.C. § 61-16.1-51. They do not determine the Township is a "property owner" as the term is used in section 61-16.1-51. The assessment orders also do not assess costs "against the property" of the Township as required under section 61-16.1-51(3). Section 61-16.1-51 does not authorize water resource boards to assess their costs against townships not acting as a landowner. The Water District acted arbitrarily, capriciously, or unreasonably in issuing assessment orders that do not comply with section 61-16.1-51. *See Hentz v. Elma Twp. Bd. of Supervisors*, 2007 ND 19, ¶¶ 10-11, 727 N.W.2d 276 (concluding the township's decision was unreasonable when the township erred in interpreting its zoning ordinances); *see also Dakota Res. Council v. Stark Cnty. Bd. of Cnty. Comm'rs*, 2012 ND 114, ¶ 22, 817 N.W.2d 373 (affirming board of county commissioners' decision after concluding the board did not misinterpret or misapply the zoning ordinance).

IV

[¶24] We affirm the district court's order reversing decision and judgment.

[¶25] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr